# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ACCOR MANAGEMENT US INC.; <br><br> Plaintiff, <br><br> v. <br><br> KEN CUCCINELLI, as Acting Director, U.S. Citizenship and Immigration Services and Deputy Secretary of Department of Homeland Security <br><br> and, <br><br> DONALD NEUFELD, as Associate Director, U.S. Citizenship and Immigration Services Service Center Operations <br><br> Defendants. | CASE NUMBER_____ <br> JUDGE_____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

## INTRODUCTION

**1.** This action asks the court to enter declaratory and injunctive relief against Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS") based on its improper denial of the Petition for a Nonimmigrant Worker (Form I-129), otherwise known as an L-1A visa petition, filed by the Plaintiff, Accor Management US Inc.("Accor") on behalf of its managerial employee Ms. Shelley Meszoly ("Ms. Meszoly"), a citizen of Canada.

**2.** Pursuant to the Immigration and Nationality Act §101(a)(15)(L), foreign companies can transfer a foreign national managerial employee to work in a managerial capacity at a related US company.

**3.** On June 3, 2019, Ms. Meszoly requested U.S. Customs and Border Protection ("CBP") to admit her to the U.S. in L-1A status as a nonimmigrant intracompany transferee to serve Accor as General Manager of the 21c Hotel in Cincinnati ("21c Cincinnati"). She was admitted in L-1A status through January 28, 2020.

**4.** As General Manager of the 21c Cincinnati, Ms. Meszoly is responsible for managing, planning, and directing all departments and operations of the hotel. Ms. Meszoly supervises and controls the work of 88 employees, including all of the hotel's managerial and supervisory employees who in turn manage or supervise their own teams of employees. Ms. Meszoly directs and oversees the hiring, firing, training, and evaluation and promotion of all 88 employees of 21c Cincinnati. Ms. Meszoly exercises discretion over hotel operations to ensure maximum profitability and high-quality guest services.

**5.** On August 14, 2019, Accor filed an L-1A visa petition on behalf of Ms. Meszoly, requesting Ms. Meszoly be granted additional time in L-1A status until August 31, 2022.

**6.** On November 14, 2019, the USCIS erroneously denied Accor's L-1A petition. In denying the petition, the Agency asserted that Accor had failed to establish that Ms. Meszoly's subordinate employees performed primarily managerial duties.

**7.** The Agency's denial of Accor's L-1A petition is fundamentally flawed. It ignored critical evidence in the record, contains factual errors, and ignores the plain language of the statute and the implementing regulations. Such errors are contrary to the requirements for

lawful adjudication under the Administrative Procedures Act ("APA") and require remedy by this Court.

## PARTIES

**8.** Plaintiff is an award-winning hospitality group that operates a chain of hotels and resorts, including 21c Cincinnati. Accor was the petitioning employer on the I-129 Petition for Nonimmigrant Worker that Accor filed on behalf of Ms. Meszoly.

**9.** Defendant, Ken Cuccinelli is the acting director of U.S. Citizenship and Immigration Services and deputy secretary of the Department of Homeland Security and this action is brought against him in his official capacity. The U.S. Citizenship and Immigration Services ("USCIS") is an agency within the Department of Homeland Security and is subject to the Director's supervision. More specifically the USCIS is charged with adjudication of non-immigrant visa petitions, naturalization, and all adjudications conducted at service centers.

**10.** Defendant, Donald Neufeld, is the Associate Director of the USCIS Service Center Operations. In his role, Neufeld oversees all activities at the five USCIS service centers located in Dallas, Texas (Texas Service Center); Laguna Nigel, California (California Service Center); Lincoln, Nebraska (Nebraska Service Center); Burlington, Vermont (Vermont Service Center); and Arlington, Virginia (Potomac Service Center).

## JURISDICTION

**11.** The Court has jurisdiction over the present action pursuant to 8 U.S.C. § 1329, Immigration and Nationality Act jurisdiction; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

**12.** Plaintiff may seek judicial review upon denial of its visa petition without any further administrative appeal. *See Fogo De Chao (Holdings) Inc. v. U.S. Dep't of Homeland*

*Sec.*, 769 F.3d 1127, 1138 (D.C. Cir. 2014) (exercising jurisdiction over challenge of L-1B petition denial); *EG Enters., Inc. v. Dep't of Homeland Sec.*, 467 F. Supp. 2d 728,733 (E.D. Mich. 2006) (exercising jurisdiction upon finding plaintiff was not required to appeal the denial of its H-1B visa petition to the Administrative Appeals Office prior to filing suit; noting USCIS concurrence).

## VENUE

**13.** Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e)(1)(b) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in Cincinnati, Ohio given that the agency action complained of is the denial of Plaintiff Accor's petition to continue to employ Ms. Meszoly as General Manager of the 21c Cincinnati, Ohio; and there is no real property involved in this action.

## LEGAL BACKGROUND

**14.** An employee of an international company who is being transferred to an affiliate company within the United States is eligible for an L-1 non-immigrant visa if, "within 3 years preceding the time of his application for admission into the United States, [the foreign national] has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and … seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge . . . ." INA §101(a)(15)(L).

4

15. INA §101(a)(44) defines the term "managerial capacity" applied to an assignment within an organization in which the employee primarily:

a) Manages the organization, or a department, subdivision, function, or component of the organization;

b) Supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;

c) Has the authority to hire and fire, or recommend those as well as other personnel actions (such as promotion and leave authorization), if another employee or other employees are directly supervised, or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and

d) Exercises discretion over the day-to-day operations of the activity or function for which the employee has authority. A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of his or her supervisory duties unless the employees supervised are professional.

**FACTUAL ALLEGATIONS**

16. Ms. Meszoly worked for Fairmont Southampton in Bermuda ("Fairmont") as Regional Director of Sales and Marketing from June 2004 to June 2019.

17. In her position at Fairmont as Regional Director of Sales and Marketing, Ms. Meszoly was responsible for managing, directing, and overseeing all sales and marketing operations for two hotels. She supervised and controlled the work of 22 sales and marketing department employees, including other supervisory and managerial employees. Ms. Meszoly

5

directed and oversaw the hiring, firing, training, and evaluation and promotion of all sales and marketing department personnel. Ms. Meszoly also exercised discretionary authority over all sales and marketing operations at the Fairmont.

18. In 2019, Fairmont's parent company, Accor, offered Ms. Meszoly a position as General Manager of its hotel, 21c Cincinnati.

19. On June 3, 2019, Ms. Meszoly requested U.S. Customs and Border Protection ("CBP") admit her to the U.S. in L-1A status as a nonimmigrant intracompany transferee to serve Accor as General Manager of 21c Cincinnati. She was admitted in L-1A status until January 28, 2020.

20. In her position at 21c Cincinnati, Ms. Meszoly serves as the General Manager. As the General Manager, Ms. Meszoly is responsible for managing, planning, and directing all departments and operations of the hotel. Ms. Meszoly directly and indirectly supervises and controls the work of 88 employees, including all the hotel's managerial and supervisory employees. Her direct reports include the Director of Sales & Marketing, the Chief Engineer, Senior Director of Spa, Front Office Manager, and Housekeeping Manager. Each of her direct reports manages teams of between four and thirty-three subordinate employees. Ms. Meszoly directs and oversees the hiring, firing, training, and evaluation and promotion of all 21c Cincinnati employees. Ms. Meszoly exercises discretion over all hotel operations to ensure maximum profitability and high-quality guest services.

21. On August 14, 2019, Accor filed an L-1A petition requesting additional time for Ms. Meszoly's L-1A nonimmigrant status through August 31, 2022.

22. In support of its petition, Accor submitted a statement from Tracey Kalimeris, Accor's Vice President of Talent and Culture for North and Central America, outlining Ms.

6

Meszoly's job duties at Fairmont and 21c Cincinnati. In addition, Accor submitted organizational charts for both Fairmont and 21c Cincinnati highlighting all of the employees reporting to Ms. Meszoly.

**23.** On August 21, 2019, USCIS issued a request for evidence ("RFE"). In the RFE, USCIS requested, *inter alia*, evidence that Ms. Meszoly's role at 21c Cincinnati was primarily managerial in nature as well as evidence indicating the type of employees Ms. Meszoly managed.

**24.** In response, Accor filed a cover letter and supporting evidence dated November 1, 2019. Accor provided a letter from Sarah Robbins, the Chief Operating Officer for 21c Museum Hotels, in which she provided a breakdown of Ms. Meszoly's duties as general manager and Ms. Meszoly's supervision of other managerial and supervisory employees.

**25.** With its initial petition and the RFE Response, Accor submitted approximately 600 pages of supporting evidence, including the statements described above, organization charts showing the entire personnel structure of Fairmont and 21c Cincinnati, job descriptions for all subordinate employees reporting to Ms. Meszoly at both Fairmont and 21c Cincinnati, quarterly wage reports and payroll summaries, along with W-2s for all employees Ms. Meszoly oversees at the Fairmont and 21c Cincinnati, and documentation of Ms. Meszoly's credentials and experience.

**26.** On November 14, 2019, the USCIS denied Ms. Meszoly's petition.

**27.** The denial notice did not question the qualifying relationships between Fairmont, Accor, and 21c Cincinnati. Nor did the denial notice dispute that Ms. Meszoly's role at Fairmont as Regional Director of Sales and Marketing qualified as "managerial" under the applicable statute and regulations.

7

**28.** In justifying the denial, the denial notice referenced the subordinate employees of Ms. Meszoly and stated that "it appears that these asserted managerial employees are not performing duties that could be viewed as managerial in nature." Subsequently, the USCIS claims "from these described duties, it appears that the asserted managerial employees are performing non-supervisory duties of the business." Accordingly, the USIC found that the General Manager role at 21c Cincinnati was not managerial in nature as Ms. Meszoly was not supervising managerial employees.

**29.** USCIS denied the L-1A petition despite CBP having previously approved Ms. Meszoly for L-1A status to serve as 21c Cincinnati's General Manager on the same facts.

**30.** USCIS denied the L-1A petition despite extensive evidence Ms. Meszoly performs primarily managerial duties in managing all operations of 21c Cincinnati and managing the hotel's various departments, functions, and department managers.

**31.** USCIS denied the L-1A petition despite finding that Ms. Meszoly's prior role as Regional Director of Sales and Marketing for Fairmont over two hotels, with a 22-employee reporting structure, qualified as a "managerial" position under the applicable L-1A statute and implementing regulations, but then contrarily finding that her position as General Manager of 21c Cincinnati, with an 88-employee multi-level reporting structure, which includes managing the position of Director of Sales and Marketing and the entire sales and marketing team, did not qualify as a "managerial" position.

**32.** USCIS's denial of Accor's L-1A extension petition was arbitrary and capricious.

## **COUNT ONE**

### **Violation of the Administrative Procedures Act 5 U.S.C. § 701, et seq.**

**33.** Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in paragraphs 1-32 above.

**34.** The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. §706(2).

**35.** Here, Defendants acted arbitrarily, capriciously, and contrary to law in violation of the APA by erroneously denying Accor's L-1A visa petition.

**36.** First, USCIS ignored the plain language of the law and the definition of managerial capacity as defined in INA §101(a)(44). In the denial, USCIS stated that Ms. Meszoly was not primarily acting in a managerial capacity because the employees she supervises "are not performing duties that could be viewed as managerial in nature." INA §101(a)(44) does not require the employees to be managerial. According to the definition of managerial capacity, the manager must supervise other employees that are *either* supervisory, managerial, *or* professional.

**37.** USCIS failed to analyze whether the employees subordinate to Ms. Meszoly were supervisory employees. Accor submitted organizational charts highlighting the employees Ms. Meszoly manages at 21c Cincinnati. Ms. Meszoly directly supervises five supervisory employees-Chief Engineer, Senior Director of Spa, Front Office Manager, Director of Sales and Marketing, and Housekeeping Manager. These five employees are responsible for supervising 83 additional employees.

9

**38.** These supervisory employees primarily perform a supervisory role, and do not primarily perform the same job duties as the supervised employees, as erroneously asserted by USCIS's Denial Notice. For example, the Housekeeping Manager position that reports directly to Ms. Meszoly performs, among others, the following duties, per the job description submitted to USCIS in response to the RFE: Supervise the housekeeping employees, motivate the team through training, development, empowerment, coaching, and counseling; recommend discipline and termination, as appropriate; supervise and inspect the daily cleaning of the guest rooms, public areas, and back of house; ensure compliance with accident/loss prevention programs; achieve a high level of cleanliness and guest satisfaction; monitor and report on expenses (payroll and supplies) in an effort to control cost, while ensuring adequate staff, and supplies are on hand to provide top quality service; work with the front desk staff to help resolve guest issues that arise; refer and follow-up on maintenance issues/problems with Engineering to protect hotel assets and to ensure a safe and accident free environment for guests and employees; implement emergency training and procedures to ensure appropriate protection of the hotel's guests, staff and company; communicate within all departments of the company; responsible for learning and being efficient using the 21c checkbook … [t]his involves invoicing, calling suppliers, budgeting, researching, and working with the accounting department; perform special projects and other responsibilities as assigned … [p]articipate in hotel committees and task force assignments.

**39.** USCIS may not ignore evidence in the record and the plain language of the law. The evidence in the administrative record clearly demonstrates that Ms. Meszoly supervises other employees whose positions are supervisory in nature.

**40.** Second, USCIS did not act in accordance with the law when it ignored the alternative functional manager aspect of L-1A eligibility. Even if Ms. Meszoly is not supervising supervisory, professional, or managerial employees, she is acting in a managerial capacity because she "manages an essential function within the organization, or a department or subdivision of the organization." INA §101(a)(44) (Emphasis added). Ms. Meszoly is responsible for operating 21c Cincinnati, a subdivision of Accor. Ms. Meszoly has oversight over all hotel departments and is responsible for managing the hotel and leading it in a strategic direction. USCIS disregarded this alternative criterion and arbitrarily applied the law which is contrary to the APA.

**41.** Third, USCIS ignored significant evidence in the record that Ms. Meszoly meets all four criteria to continue to be classified as an L-1A intracompany transferee under the preponderance of the evidence standard applicable to USCIS's determination, in that the administrative record proves that Ms. Meszoly (a) Manages the organization, or a department, subdivision, function, or component of the organization; (b) Supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization; (c) Has the authority to hire and fire, or recommend those as well as other personnel actions (such as promotion and leave authorization), if another employee or other employees are directly supervised, or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and (d) Exercises discretion over the day-to-day operations of the activity or function for which the employee has authority. USCIS's narrowing of the statutory and regulatory language, and ignoring extensive evidence in the administrative record was arbitrary and capricious.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

a) A preliminary and permanent injunction against USCIS prohibiting the denial of Accor's L-1A extension petition on behalf of Ms. Meszoly from taking effect during the pendency of this litigation, so that Accor may not be deprived of Ms. Meszoly's services as General Manager of the 21c Hotel Cincinnati;

b) reversing the USCIS decision and granting Accor's I-129 petition on behalf of Ms. Meszoly, to classify Ms. Meszoly in L-1A status through August 31, 2022;

c) granting any other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Simon Y. Svirnovskiy, Esq.*
Matthew O. Wagner (0089422)
Simon Svirnovskiy (0097906)
Frost Brown Todd LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, Ohio 45202
513.651.6800 (t)
513.651.6981(f)
mwagner@fbtlaw.com
ssvirnovskiy@fbtlaw.com
*Attorneys for Plaintiff*

0114887.0571845   4847-4599-1854v8